IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02400-BNB

ELLERY EMERT, and
CRISTY EMERT,

    Plaintiffs,

v.

SGT. JOSH WARNER, Deputy Sheriff #123,
ANITA C. ABEYTA, Deputy Sheriff #138,
JEREMY CADE ARNOLD,
CRYSTAL JOHNSON,
BROOKE PACE, Deputy Sheriff #131, and
UNKNOWN MEMBERS of SWAT TEAM of Mesa County Sheriff's Dept.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 3 2008

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFFS TO FILE AMENDED COMPLAINT

Plaintiffs, Cristy Emert, a nonprisoner, and Ellery Emert, who currently is incarcerated at the Mesa County Jail in Grand Junction, Colorado, have filed *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, on behalf of themselves and their thirteen-year-old daughter, Alexis Emert.

The Court must construe the complaint liberally because the Emerts are representing themselves. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigants' advocate. *See Hall*, 935 F.2d at 1110. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants violated their rights under the Constitution and laws of the United States while the defendants acted under color of state law. *See*

***Adickes v. S. H. Kress & Co.***, 398 U.S. 144, 150 (1970). For the reasons stated below, the Emerts will be ordered to file an amended complaint.

The Court has reviewed the Emerts' complaint and finds that the complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the Emerts are entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Plaintiffs fail to set forth a short and plain statement of their claims showing that they are entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The Emerts' allegations in the complaint and its attachments are verbose and confusing. Briefly, the allegations

concern Jeremy Cade Arnold and Crystal Johnson, both private parties, who allegedly drove a stolen vehicle to the Emerts' home with the intent of forcing Mr. Emert to return Ms. Johnson's car; a $1,400 debt Ms. Johnson purportedly owes Mr. Emert, who allegedly loaned the money to her; and a May 29, 2007, search of the Emerts' home based upon a "no-knock" search warrant by a Mesa County S.W.A.T. team, during which the Emerts' family dog was killed. On the basis of these and other allegations in the complaint, the Emerts apparently believe that the defendants have conspired against them and their daughter, Alexis, to violate their Fourth Amendment right to be free from unreasonable searches and seizures.

However, how these and other allegations in the complaint fit together is not clear. Plaintiffs fail to make clear what claim is asserted pursuant to which statute. They fail to make clear what each defendant did to violate their constitutional rights and which constitutional rights were violated. Plaintiffs may not assert claims on behalf of their daughter, Alexis. She is not a party to this lawsuit for the reasons previously stated in the November 15, 2007, order to commence.

Therefore, the Emerts will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Plaintiffs are reminded that it is their responsibility to present their claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. In the amended complaint they will be directed to file, the Emerts must assert all claims against all the defendants they intend to sue, and they must include only necessary factual information in support of these claims. They must make clear which claim is asserted pursuant to which statute. They must allege each defendant's

personal participation in the alleged constitutional violations and what constitutional rights they believe were violated. In order for the Emerts to state a claim for relief, their amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiffs are advised that they must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Finally, although the clerk of the Court will be directed to mail copies of the Court-approved complaint form to both Mr. and Mrs. Emert at his or her respective address, the Emerts must submit only one amended complaint that each of them has signed. Accordingly, it is

ORDERED that the Emerts file **within thirty (30) days from the date of this order** an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the Court mail to the Emerts, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, although the clerk of the Court is being directed to mail copies of the Court-approved complaint form to both Mr. and Mrs. Emert at his or her respective address, the Emerts must submit only one amended complaint that each of them has signed. It is

FURTHER ORDERED that the Emerts provide the Court with sufficient copies of

4

the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if the Emerts fail to file an original and sufficient copies of amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED January 23, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02400-BNB

Ellery Emert
Mesa County Jail
PO Box 20,000-5017
Grand Junction, CO 81502

Cristy Emert
939 Sable Road
Spring City, TN 37381

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on  1/23/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk