IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02400-MSK-KMT

ELLERY EMERT, and
CRISTY EMERT,

  Plaintiffs,

v.

JEREMY CADE ARNOLD,
CRYSTAL JOHNSON, and
UNKNOWN MEMBERS OF SWAT TEAM OF MESA COUNTY SHERIFF'S DEPT.,

  Defendants.

---

## OPINION AND ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE

---

**THIS MATTER** comes before the Court *sua sponte*.

The *pro se* Plaintiffs originally asserted § 1983 claims for false arrest and excessive force arising from the execution of an arrest warrant for Plaintiff Ellery Emert. The Plaintiffs sued specifically-identified Mesa County Sheriff's Deputies who participated in the execution of the warrant, but also named as Defendants unknown members of the Sheriff's Department SWAT teams and two individuals, Mr. Arnold and Ms. Johnson, whose involvement in the case was limited to supplying certain information to police, which the police in turn used to obtain the arrest warrant. By Order dated February 9, 2009 (**# 63**), the Court dismissed all claims against the named Sheriff's Department employees, leaving only purported claims against Mr. Arnold and Ms. Johnson and unknown members of the SWAT team.

The docket reflects that both Defendants Arnold and Johnson were served with process on July 3, 2008 (**# 40, 41**). Neither Defendant filed an Answer, nor have they otherwise filed

anything or appeared in this case.  On October 2, 2008, the Magistrate Judge specifically advised the Plaintiffs of Defendants Arnold and Johnson's failure to appear and defend and instructed the Plaintiffs to review the Federal Rules of Civil Procedure and proceed appropriately **(# 53)**.  To date, the Plaintiffs have neither sought entry of default against Defendants Arnold and Johnson.  In addition, the deadline for amendment of pleadings has long passed, and the Plaintiffs have taken no action to amend the Complaint to specifically identify the unknown members of the SWAT team that they intend to sue.

On August 14, 2006, the Court issued a Trial Preparation Order **(# 46)** that scheduled a Pretrial Conference to occur on July 30, 2007 and instructed the parties to prepare and file a proposed Pretrial Order in anticipation of that conference.  The Plaintiffs did not file any proposed Pretrial Order, and did not appear at the conference as scheduled.

The Court is mindful of the Plaintiffs' *pro se* status and the attendant requirement that it construe their pleadings liberally.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).  However, *pro se* status does not relieve the Plaintiffs of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiffs according to the same standard as counsel licensed to practice law before the bar of this Court.  *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

The Court finds that the Plaintiffs have failed to diligently prosecute their claims against the remaining Defendants, and further, that the Plaintiffs are in violation of several orders of the Court: (i) the Magistrate Judge's instruction that they take appropriate action in response to Defendant Cade and Johnson's failure to appear; (ii) this Court's instruction that they file a

proposed Pretrial Order; and (iii) this Court's instruction that they appear at the Pretrial Conference.

When a party fails to comply with orders of the Court, the Court must consider the familiar *Ehrenhaus* factors. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Those same factors apply in considering whether to dismiss an action for failure to prosecute under Fed. R. Civ. P. 41(b). *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007). The Court thus turns to each of the five factors.

As to the first factor, the Court examines the degree of actual prejudice suffered by Defendants Arnold, Johnson, and the unknown SWAT team members based on the Plaintiffs' failure to advance this action. There is fairly little prejudice to Defendants Arnold and Johnson, as they have been advised of the pendency of the claims against them but have not made any attempt to participate in this action. The Plaintiffs' failure to firm up their claims against the unknown SWAT team members has caused some prejudice to the individuals who might ultimately be named as parties, as the Plaintiffs' delay in specifically identifying those individuals has deprived them of the opportunity to participate in discovery and other pretrial proceedings, and has unduly delayed the ability of those parties to timely marshal evidence in their defense.

The second factor examines the degree of prejudice to the judicial system. The Court finds such prejudice is significant. The Plaintiffs' failure to address the claims against the remaining Defendants has resulted in this case remaining open on the Court's docket, has required the Court to expend judicial resources monitoring its status and issuing orders and conducting hearings in an effort to advance it. The Plaintiffs' failure to comply with the

requirements of the Trial Preparation Order by both failing to file a proposed Pretrial Order and failing to appear at the Pretrial Conference further resulted in a loss of productive time for the Court, insofar as a hearing in another case could have been conducted in the time set aside for the Pretrial Conference that the Plaintiffs failed to attend.  Moreover, the Plaintiffs' disregard for their obligations as litigants also threatens, albeit in a vague and unspecific way, the authority of the Court to ensure their compliance with Court rules and procedures.  If the persistent failure to comply with court rules does not result in a sanction, the Court's ability to enforce those rules is undermined.  Accordingly, the Court finds that the Plaintiffs' actions have caused significant prejudice to the judicial system.

As to the third factor, the Plaintiffs' culpability, the Court finds that the Plaintiffs are completely culpable for their failures.  There is nothing in the record to suggest that any other party is at fault, in part or whole, for the Plaintiffs' failure to take appropriate actions.  Once again, the Court is mindful that the Plaintiffs proceeded in this action without the assistance of counsel, and like many *pro se* litigants, may have been overwhelmed by the wide range of deadlines and obligations that attorneys are trained to handle but laypeople are not.  But as discussed above, undertaking an action *pro se* does not relieve parties of the obligations attendant to <u>all</u> litigants, represented or otherwise.

The fourth factor examines whether the Plaintiffs have been previously advised of the possibility of dismissal as a sanction.  Although they proceed *pro se*, the Court's February 9, 2009 Order specifically noted that they are subject to the same rules of procedure and obligation to comply with Court orders as represented parties. The Court may not have previously advised the Plaintiffs that their failure to perform any particular action might result in dismissal of their

claims for failure to prosecute, but the Court cannot find that such an instruction is essential,

particularly where the Magistrate Judge has previously instructed the Plaintiffs to take

appropriate action regarding the defaulted Defendants.  *See Ecclesiastes*, 497 F.3d at 1149

(notice is not a prerequisite for dismissal, and constructive notice of the need to act through other

directives can be sufficient).

Finally, the Court turns to the final factor – whether a sanction short of dismissal can

effectively cure the prejudice and ensure future compliance.  Admittedly, dismissal for failure to

prosecute is a heavy sanction, one which might very well operate to prevent any future litigation

against the remaining Defendants for the conduct at issue here.  Nevertheless, the Court finds

that sanction appropriate.  Here, the Plaintiffs have been utterly inactive with regard to the

claims against Defendants Arnold, Johnson, and the unknown SWAT team members.  It is

apparent to the Court that the Plaintiffs primarily intended to proceed against the named Sheriff's

Department defendants, and purported to assert claims against Defendants Arnold, Johnson, and

unknown SWAT team members only as a precaution, as a desire to sweep broadly against those

who have injured them, or for other unspecific reasons.  It is apparent that, once the claims

against the known Sheriff's Department Defendants were resolved against the Plaintiffs, their

desire to pursue the far more difficult and uncertain claims against the remaining Defendants

drained away (to the extent there was ever such a desire in the first place).  In any event, the

Court cannot conceive of a lesser sanction that would allow the Plaintiffs to now amend the

Complaint to identify new SWAT team members years after the events at issue, yet

simultaneously cure the prejudice that runs as to those newly-identified defendants who have had

no opportunity to participate in discovery and preserve evidence of events from years earlier.

Moreover, the Court cannot conceive of any lesser sanction than dismissal to deal with the Plaintiffs' failure to seek default against Defendants Arnold and Johnson.  The Magistrate Judge has already directed the Plaintiffs' attention to that matter without success.

Accordingly, the Court finds that the Plaintiffs have failed to prosecute their claims against the remaining Defendants, and further, that they have willfully violated Court orders intended to promptly and efficiently advance this case.  Thus, the remaining claims in this action against Defendants Arnold, Johnson, and the unknown SWAT team members are **DISMISSED** for failure to prosecute under Fed. R. Civ. P. 41(b).  The Clerk of the Court shall close this case.

Dated this 3d day of August, 2009

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge